**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

| | |
|---|---|
| In re: | : |
| | : Case No. 11-44944-RBR |
| MOISES FAIDENGOLD, | : |
| | : Chapter 7 |
| Debtor. | : |
| | : Adversary No. 12−01259−RBR |

| | |
|---|---|
| DIANA ESCORIHUELA, an individual, | : |
| and MARIA NANCY DE ASCENCAO | : |
| RODRIGUEZ, an individual, and | : |
| FRANCISCO RODRIGUEZ, an | : |
| individual | : |
| | : |
| Plaintiffs, | : |
| | : |
| vs. | : |
| | : |
| MOISES FAIDENGOLD, an individual, | : |
| MARY FAIDENGOLD, an individual, | : |
| and JAN NEIMAN, an individual | |

## RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT, MARY FAIDENGOLD'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED ADVERSARY COMPLAINT

Plaintiffs, DIANA ESCORIHUELA, MARIA DE ASCENCAO RODRIGUEZ and FRANSISCO RODRIGUEZ, by and through their undersigned counsel hereby file their Response and Memorandum of Law in Opposition to Defendant MARY FAIDENGOLD's Motion to Dismiss Plaintiffs' Amended Complaint, and in support thereof state as follows:

1.	On May 16, 2012, Plaintiffs filed the First Amended Adversary Complaint (ECF 22) ("**Amended Complaint**") setting forth seven counts against the Defendants.

2.	On or about June 5, 2012, Defendant MARY FAIDENGOLD ("**Faidengold**") filed a Motion to Dismiss Plaintiffs' First Adversary Complaint (ECF 32) ("**Motion to Dismiss**") arguing that this Court has no personal jurisdiction over Faidengold, no subject matter jurisdiction, and that Plaintiffs' failed to state a cause of action against Faidengold, as a non-debtor.

## MEMORANDUM

With respect to Faidengold's assertion regarding a lack of personal jurisdiction, there is no indication from Faidengold as to the factual basis for such assertion, and certainly no legal basis was cited. As for subject matter jurisdiction, the Eleventh Circuit Court has determined that a bankruptcy court has jurisdiction if "…the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property." In re Toledo, 170 F.3d 1340, 1345 (11th Cir. 1999) citing to Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir.1984). Consequently, the Bankruptcy Court here has jurisdiction with respect to the claims against Faidengold, even though she is a non-debtor. Faidengold herself argues that Plaintiffs' action is an attempt to affect the outcome of the bankruptcy.

Faidengold also argues that Plaintiffs claims should be dismissed as being concurrent with those that may be brought by the Trustee. To support this contention, Faidengold cites to Koch Refining v. Farmers Union Cent. Exchange, Inc., 831 F.2d 1339 (7th Cir. 1987). Although the Koch Court found that, in that particular case, the trustee's

claim trumped a creditor's claim, it analyzed the situations in which a trustee's claim would and would not trump and stated as follows:

> …the trustee has no standing to bring personal claims of creditors. A cause of action is "personal" if the claimant himself is harmed and no other claimant or creditor has an interest in the cause. But allegations that could be asserted by any creditor could be brought by the trustee as a representative of all creditors. If the liability is to all creditors of the corporation without regard to the personal dealings between such officers and such creditors, it is a general claim. See 3A Fletcher Cyc Corp §§ 1134, 1277.1 (rev. perm. ed. 1986). A trustee may maintain only a general claim. His right to bring a claim "depends on whether the action vests in the trustee as an assignee for the benefit of creditors or, on the other hand, accrues to specific creditors." Cissell v. American Home Assurance Co., 521 F.2d 790, 793 (6th Cir.1975), cert. denied, 423 U.S. 1074, 96 S.Ct. 857, 47 L.Ed.2d 83 (1976) (trustee lacked standing to seek performance of an insurance policy on behalf of certain specific creditors of the debtor). See also Cumberland Oil Corp. v. Thropp, 791 F.2d 1037 (2d Cir.1986), cert. denied, 479 U.S. 950, 107 S.Ct. 436, 93 L.Ed.2d 385 (1986). Id. at 1348-49.

Unlike the facts of the Koch case, the Plaintiffs in this action are three individuals who comprise, among all the creditors, an exclusive subset of creditors who may bring this action with respect to the particular funds which are the subject matter of the adversary proceeding. Plaintiffs assert that specific and identifiable funds belonging to Plaintiffs were converted by Defendants. Plaintiffs' First Amended Adversary Complaint seeks to recover those particular funds converted by Defendants. Thus, Plaintiffs' claims can only be brought by Plaintiffs and not any other creditor. It would be improper for the Trustee to bring the claims contained in Plaintiffs' First Amended Adversary Complaint.

WHEREFORE, Plaintiffs DIANA ESCORIHUELA, MARIA DE ASCENCAO RODRIGUEZ and FRANSISCO RODRIGUEZ respectfully request this Court enter an Order denying, Defendant MARY FAIDENGOLD's Motion to Dismiss and for further relief as this Court deems just and proper.

Respectfully submitted,

**GONZALEZ & WERMUTH**
Attorney for Plaintiffs
8750 NW 36th Street, Suite 425
Miami, Florida 33178
Phone: (305) 715-7157
Fax: (305) 715-8982
E-Mail: michael@rgmwlaw.com

By: /s/ J. Michael Wermuth
    J. Michael Wermuth, Esq.
    Florida Bar No.:50768

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served June 15, 2012, electronically via the Court's CM/ECF system upon and all registered CM/ECF users in this case.

By: /s/ J. Michael Wermuth
    J. Michael Wermuth, Esq.
    Florida Bar No.:50768